IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Carol P. Taylor *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. PX-22-1129 |
| Prince George's County, Maryland *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Petition for Attorney Fees ("Motion") (ECF No. 35) filed by Defendants Prince George's County, Maryland, and Officer Brandon Fooks. On December 8, 2025, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301, Judge Xinis referred this case to me for a report and recommendation on Defendants' Motion. ECF No. 43. Having considered the parties' submissions (ECF Nos. 35, 36, 37 & 38), I find that a hearing is unnecessary.[1] Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Motion be denied.

**I.    Background**

    **A.    The Crash**

This case arises from a tragic car crash that claimed the life of Damion Farmer.[2] On the morning of December 19, 2020, Mr. Farmer was driving on Route 202 in Upper Marlboro,

---

[1] Plaintiffs' motion for leave to file their response in opposition out of time (ECF No. 36) is **GRANTED**.

[2] Judge Xinis provided a more extensive factual and procedural background in her February 7, 2023 opinion granting Defendants' motion for summary judgment. *Taylor v. Prince George's*

Maryland. *Taylor*, 2023 WL 1801971, at *1. Prince George's County Police Officer Richard Biddy observed Mr. Farmer's car pass by his police cruiser at a high rate of speed. *Id.* Officer Biddy followed Mr. Farmer, but Mr. Farmer seemed to speed away. *Id.* These events are captured in the video footage from the dash camera mounted in Officer Biddy's police cruiser. *Id.* Officer Biddy activated his emergency lights to execute a traffic stop on Mr. Farmer, but Mr. Farmer's vehicle disappeared from view. *Id.* Officer Biddy shined a spotlight to search for Mr. Farmer's car, but it was nowhere to be seen. *Id.*

As Officer Biddy proceeded, he came upon a plume of smoke and discovered Mr. Farmer's wrecked vehicle crashed against a tree at a bend in the roadway. *Id.* Officer Biddy called police dispatch to report that the driver of the vehicle was likely dead, and first responders arrived on scene minutes later. *Id.* Defendant Officer Brandon Fooks also responded to the scene. *Id.* Video footage from his cruiser's dash camera captured Mr. Farmer's body lying in the roadway about 300 feet from where his car had crashed into the tree. *Id.*

A Maryland State Police Trooper investigated the cause of the crash. *Id.* He determined that Mr. Farmer drove directly into a tree at a point where the road curved. *Id.* Mr. Farmer was pronounced dead at the scene. *Id.* No alcohol or drugs were found in his body. *Id.*

B.  **The Lawsuits**

Plaintiffs are Mr. Farmer's parents. With the assistance of counsel, they filed a wrongful death and survival action in the Circuit Court for Prince George's County, Maryland. *Id.* Defendant Prince George's County moved to dismiss the claims against it because the entity named in the complaint ("Police Department of Prince George's County") was not a legal entity subject to suit.

---

*Cnty., Maryland*, No. PX-22-1129, 2023 WL 1801971, at *1 (D. Md. Feb. 7, 2023), *aff'd*, No. 23-1196, 2025 WL 1262392 (4th Cir. May 1, 2025).

*Id.* Plaintiffs did not respond to the motion to dismiss, and the Circuit Court dismissed the claims with prejudice. *Id.*

When Plaintiffs moved for reconsideration, the Court permitted Plaintiffs to amend their complaint to sue the proper party. *Id.* But after Plaintiffs amended the Complaint, this time naming as defendants Prince George's County, Officer Fooks and a John Doe officer, the Circuit Court granted another motion to dismiss the claims. *Id.*

Plaintiffs filed the same claims in this Court. *Id.* The Complaint alleged that Defendants caused Mr. Farmer to crash. *Id.* It asserted wrongful death and survival claims of assault, battery, intentional infliction of emotional distress, and gross negligence against Defendants. *Id.* It also asserted a *Monell* claim against the County for its alleged failure to properly train its officers. *Id.*

After they were served with the Complaint, Defendants produced police video footage to Plaintiffs' attorneys, which Defendants claimed to be conclusive proof that Defendants were not liable for any of the claims. *Id.* Before discovery, Defendants moved for summary judgment on all claims, and the Court granted the motion. ECF No. 26; 2023 WL 1801971, at *6.

The Court found that Defendants were entitled to summary judgment on all the constitutional claims against the Defendant Officers. *Id.* The Court explained that the dash camera video footage conclusively established that Defendants did not "seize" Mr. Farmer at any point before his crash. *Id.* at *4. And the footage clearly demonstrated that none of the defendants used any force—let alone excessive force—against Mr. Farmer. *Id.* The Court also rejected Plaintiffs' argument that Officer Biddy shined his spotlight in Mr. Farmer's face moments before the crash. *Id.* at *5. This was because the video footage showed that Officer Biddy only used his spotlight after Mr. Farmer's vehicle had disappeared from the road. *Id.*

As for Plaintiffs' *Monell* claim, the Court found that the County was entitled to summary judgment because Plaintiffs had failed to establish a constitutional violation by any individual officer. *Id.* at *5. In doing so, the Court noted that Plaintiffs' evidentiary support for the *Monell* claim was conspicuously lacking: "[A]ll Plaintiffs offer as evidence is a near twenty-year-old memorandum of understanding between the United States Department of Justice and the Prince George's County Police Department discussing all manner of excessive force allegations." *Id.*

The Court also granted summary judgment to Defendants on Plaintiffs' common law claims. *Id.* For the intentional infliction of emotional distress claim, the Court explained that nothing captured on the video footage "suggests any misconduct on the officers' part, let alone 'extreme and outrageous' conduct which caused Farmer emotional distress." *Id.* The Court also found that the video footage established that there was no basis for finding that Defendants were grossly negligent. *Id.*

### C.  The Appeal

Plaintiffs appealed the Court's order granting Defendants' motion for summary judgment. ECF No. 28. On May 1, 2025, the Fourth Circuit issued an unpublished opinion affirming the order granting summary judgment. *Taylor v. Prince George's Cnty., Maryland*, No. 23-1196, 2025 WL 1262392, at *1 (4th Cir. May 1, 2025). Thereafter, Plaintiffs filed a petition for rehearing and rehearing *en banc*, which the Fourth Circuit denied in a July 29, 2025 order. The Fourth Circuit's mandate issued on August 6, 2025.

### D.  Defendants' Motion for Attorney's Fees

Defendants seek an award of attorney's fees, arguing that Plaintiffs' claims were "frivolous, groundless and had no basis in fact." ECF No. 35 at 1. Defendants summarize their position concisely:

4

> The undisputed evidence that Plaintiffs' counsel had possession of prior to the filing of Defendants' dispositive motion in both the state and federal courts clearly demonstrated that no Prince George's County Police Officer committed the acts alleged in the Complaint and there was no evidence to support Plaintiffs' baseless claims.

ECF No. 35-1 at 5.

Defendants contend that Plaintiffs' attorneys acted "egregious[ly]" in maintaining their claims despite receiving conclusive evidence refuting them. *Id.* at 6. They assert that Plaintiffs knew that their claims were "groundless, frivolous, and without any merit," but pursued them anyway. *Id.* Without any evidence to support their claims, Defendants argue, Plaintiffs' attorneys had an ethical obligation to their clients, Defendants, and the Court to dismiss them. *Id.* Defendants seek attorney's fees in the amount of $15,010. *Id.* at 12.

### 1.     Awarding Attorney's Fees to Prevailing Parties

The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, provides that a court has discretion to award reasonable attorney's fees to a prevailing party in certain types of actions, including those under 42 U.S.C. § 1983. *Dewitt v. Ritz*, No. DKC-18-3202, 2021 WL 3187981, at *1 (D. Md. July 28, 2021). Most cases addressing fee awards under § 1988 concern prevailing plaintiffs. *Id.* (citing *Fox v. Vice*, 563 U.S. 826, 833 (2011)). "[W]hen a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 418 (1978); *see also Riverside v. Rivera*, 477 U.S. 561, 577-578 (1986) (explaining that a purpose of § 1988 is for citizens to "have the opportunity to recover what it costs them to vindicate [their civil] rights in court").

In *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), the Supreme Court held that § 1988 also authorizes a fee award to a prevailing defendant, but under a more stringent standard that reflects

5

the different equitable considerations at stake, s*ee Christiansburg*, 434 U.S. at 419. Because § 1988 was enacted, in part, "to protect defendants from burdensome litigation having no legal or factual basis," the Supreme Court has held that courts may "award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. "The standard for awarding fees to defendants is higher than it is for plaintiffs because . . . awarding fees to defendants may discourage frivolous litigation, but doing it too often would undermine Congress' policy of encouraging meritorious civil rights litigation." *Wolfe v. Routzahn*, 953 F. Supp. 2d 627, 635 (D. Md. 2013). "A § 1988 fee award to a prevailing defendant is a rare occurrence." *Id.*

Applying this standard to a prevailing defendant is easier said than done. *Fox*, 563 U.S. at 833 ("These standards would be easy to apply if life were like the movies, but that is usually not the case."). Justice Kagan has explained:

> [I]n the real world, litigation is . . . complex, involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.

*Id.* at 833-34. Accordingly, a court's decision whether to award fees and costs to a prevailing defendant is reviewed only for abuse of discretion. *See Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 276 (4th Cir. 2013); *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) (explaining that a district court's assessment of whether a plaintiff's claims was frivolous, unreasonable, or groundless is accorded "great deference").

### 2. Defendants Are Not Entitled to Attorney's Fees

There is no question that Defendants are prevailing parties in this case. Defendants secured summary judgment on all of Plaintiffs' claims without even conducting discovery. And they

successfully defended the judgment on appeal. Plaintiffs lost this case because all available evidence refuted their claims. And Defendants did not hide this evidence from Plaintiffs, springing it on them for the first time in their motion for summary judgment. Rather, Defendants voluntarily produced the video footage that refuted Plaintiffs' claims early in the litigation. Despite Defendants' demand that Plaintiffs dismiss their claims, Plaintiffs continued to prosecute them.

Still, "[l]ack of success by the plaintiff is not the standard for awarding fees to a defendant; otherwise, every failed lawsuit would trigger an award of fees against the plaintiff, and that is not the law." *Wolfe*, 953 F. Supp. at 635 (citing *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.")). And the Court must consider whether awarding fees to Defendants in this case might discourage future civil rights plaintiffs from pursuing meritorious claims. *Wolfe*, 953 F. Supp. 2d at 635.

Defendants secured a resounding victory because Plaintiffs had no evidence to support their claims. But Plaintiffs did not conduct discovery in this case because the motion for summary judgment was filed before the entry of a scheduling order. True, Plaintiffs did not seek to conduct discovery when Defendants moved for summary judgment. *See* Fed. R. Civ. P. 56(d). But Plaintiffs' strategy (or misstep) in this regard does not render their claims frivolous, unreasonable, or without foundation.

Plaintiffs are the parents of a young man who died in a car crash that occurred during a police pursuit. They believed, and not without foundation, that Prince George's County has a long and regrettable history of harming its citizens by the actions of its police officers. *See* ECF No. 1 ¶¶ 9-19. Given the tragedy that befell Plaintiffs' son, Plaintiffs' knowledge of the history of the

place where it happened, and the stage at which their claims were disposed, I cannot find that their claims were frivolous, unreasonable, or without foundation. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422.

The Court is sympathetic to many of Defendants' arguments. The conduct of Plaintiffs' counsel in this litigation comes extremely close to what might be considered unreasonable or without foundation. But, as *Christiansburg* instructs, the Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. Otherwise, there is a risk that the only plaintiffs who would ever bring civil rights claims would be those with "airtight" cases. *See id.* But most cases are not airtight. And the outcome of litigation is rarely predictable.

In consideration of the early stage in this case when summary judgment was entered on Plaintiffs' claims and the policy considerations that the Court must take seriously when assessing whether to award a defendant fees under § 1988, I find that awarding attorney's fees is not appropriate here.

### III.  Citation Errors in Plaintiffs' Response Brief

Plaintiffs' response brief (ECF No. 37) contains multiple citations that are either incorrect, stand for propositions other than those cited, or do not contain the language quoted by Plaintiffs. For example, Plaintiffs' brief contains the following citation: "*Arnold v. Burger King Corp.*, 719 F.2d 63, 65 (4th Cir. 1983) (per curiam) (reversing fee award where claim, while unsuccessful, was not patently frivolous)." ECF No. 37 at 5. *Arnold* is a real case, but it is not a per curiam opinion. And in *Arnold*, the Fourth Circuit did not reverse a fee award, it *affirmed* a fee award.

Another example: Plaintiffs cite "*Bruce & Tanya & Assocs., Inc. v. Board of Supervisors*, 795 F. App'x 157, 165-66 (4th Cir. 2019) (unpublished) (error to award fees where claims, while unsuccessful, were not objectively baseless)." ECF No. 37 at 3. But this reporter citation (795 F. App'x 157) is for another opinion, *Wilborn v. Mansukhani*, 795 F. App'x 157 (4th Cir. 2019). *Wilborn* concerns a group of prisoners that challenged certain Bureau of Prisons program requirements. The case has nothing to do with the award of attorney's fees under § 1988. There is a Fourth Circuit case called *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty., Virginia*, but its citation is 854 F. App'x 521 (4th Cir. 2021). And its holding is the opposite of what Plaintiffs state in their parenthetical. *Bruce & Tanya* did not state that it was "error to award fees where claims, while unsuccessful, were not objectively baseless." ECF No. 37 at 3. It held that a district court did not abuse its discretion in *denying* a fee request. Finally, Plaintiffs' brief contains the following paragraph:

> The standard is applied "with particular strictness" to avoid chilling civil rights plaintiffs. *See EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 516 (4th Cir. 2012) (fees for defendants appropriate only in "egregious cases").

ECF No. 37 at 2.

*Great Steaks* is a real case and Plaintiffs' citation is correct. But the opinion does not contain any of the language that Plaintiffs quote from it.

These are the types of errors that generative artificial intelligence ("AI") tools make when hallucinating case citations. *See Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 770 (W.D. Va. 2025) ("In the legal research context, . . . hallucinations can include the generation of fictitious case cites and misrepresentations of case summaries or holdings."). It is unclear whether Plaintiffs' errors are the result of their attorneys relying upon (and failing to verify) arguments and citations generated by AI or some other circumstances. Courts have sanctioned parties and

disciplined attorneys for relying upon hallucinated, AI-generated case citations. *See, e.g.*, *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 342 (E.D.N.Y. 2025) (collecting cases); *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (same). I make no recommendation regarding these errors but bring them to the Court's attention so that the presiding judge can take whatever action she believes to be necessary and appropriate.

**IV.   Conclusion**

For the reasons set forth above, I recommend that the Court deny Defendants' Motion for Attorney's Fees (ECF No. 35).

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


<u>December 16, 2025</u>                                       <u>       /s/                                      </u>
Date                                                                  Timothy J. Sullivan
                                                                      Chief United States Magistrate Judge